**BLOCH & WHITE LLP**

152 WEST 57TH STREET, EIGHTH FLOOR
NEW YORK, NEW YORK 10019
(212) 702-8670
WWW.BLOCHWHITE.COM

DIRECT DIAL: (212) 901-3825
DIRECT E-MAIL: BWHITE@BLOCHWHITE.COM

October 10, 2023

*Via ECF*
Magistrate Judge Arlene R. Lindsay
United States District Court for the Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

  Re: *Karkowsky v. Nassau County*, No. 23-cv-5949

Dear Judge Lindsay:

  We write on behalf of Plaintiff Judah Karkowsky pursuant to F.R.C.P. 4(m) and 6(b)(1)(A) to request a modest extension of the date Plaintiff must serve the Defendants.[1] The current service deadline is November 2, 2023. This is Mr. Karkowsky's first request for an extension.

  This action, filed on August 4, 2023, primarily concerns the malicious prosecution of Mr. Karkowsky by the Defendants, including Nassau County, following the dismissal in full of criminal charges that the County levied against him.[2] Following the May 2022 dismissal of those claims, and after Mr. Karkowsky made clear to the Defendants his intent to bring this lawsuit, Defendant Nassau County instituted a subsequent criminal prosecution against him. While wholly unrelated to the allegations in the earlier, now-dismissed criminal case, the County in this new prosecution seeks to attack as false a single sentence in the notice of claim that was submitted to the municipal Defendants in this case. *See* N.Y. Gen. Mun. L. § 50-e. As laid out below, this unusual move by the County has caused us, of necessity, to request this extension. Mr. Karkowsky has pled not guilty to the County's new charges and eagerly awaits vindication at trial.

  When the Complaint was filed in the instant action, Mr. Karkowsky believed that his criminal trial on these new charges might be held in October—*i.e.*, that it might end before the November deadline to serve process in this case. However, pretrial proceedings and scheduling conflicts have delayed the trial, which we now expect to take place in November or December. In light of these circumstances, a brief extension of the service deadline under Rule 4(m) is appropriate.

  Rule 4(m) sets a 90-day deadline for service while making clear that "if the plaintiff shows good cause," "the court must extend the time for service for an appropriate period." A court may

---

[1] Rule 6(b)(1)(A) provides that an extension may be ordered by the court "without . . . notice."

[2] Because the statute of limitations for certain of Mr. Karkowsky's claims—including those against the County—could have conceivably expired on August 4, 2023, Mr. Karkowsky filed this Complaint on that date.

also grant an extension in its discretion even without good cause. *See Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). And consistent with Rule 4(m), Rule 6(b)(1) permits a court to extend nearly any deadline "for good cause," a rule that gives "the [district] court *wide discretion* to grant a request for additional time." *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021) (quotation omitted) (alteration and emphasis in original). Further, "an application for extension of time under Rule 6(b)(1)(A)" filed in advance of a deadline imposed by the Federal Rules, as is the case here, "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (4th ed. 2021)).

Mr. Karkowsky's request for a modest extension should be granted under these standards. The pendency of Mr. Karkowsky's criminal action provides a weighty and sufficient reason for this Court to permit a delay of service until after that matter concludes. *See Flores v. Eureka Multifamily Grp.*, 2018 WL 2100309, at *3 (S.D. Tex. May 7, 2018) ("There are good reasons why a plaintiff would delay service of process pending the resolution of a related criminal case, including the protection of his Fifth Amendment rights."). Mr. Karkowsky should not be compelled to communicate with and litigate against the very County that is pursuing his criminal conviction.[3] Further, Mr. Karkowsky makes this request as early as practicable and nearly a month before the applicable deadline.

Finally, the brief extension that Mr. Karkowsky requests would not cause any prejudice to Defendants. *See, e.g.*, *Remice v. Zenk*, No. 03 Civ. 286, 2008 WL 4516246, at *6-*7 (E.D.N.Y. Oct. 1, 2008) (exercising discretion and enlarging the service period where there was no prejudice to defendants). Further, each of the Defendants received a notice of claim (and thus are presumably on notice that Mr. Karkowsky is pursuing relief).

Against this backdrop and to make every effort to comply with the requirements of the applicable rules, Mr. Karkowsky requests a brief extension of the service deadline until 30 days after his criminal case is resolved.

Respectfully submitted,

Benjamin D. White

---

[3] Additionally, relief is particularly appropriate here given the potential that the statute of limitations for certain of Mr. Karkowsky's claims—including against the County—may have expired in August. *See infra* note 2. Indeed, even where a plaintiff has failed to timely serve process, courts have retroactively enlarged the service deadline if the dismissed claims would then be barred by the statute of limitations. *See, e.g.*, *Terry v. Patchogue*, No. 2:05 Civ. 3398, 2010 WL 1993871, at *5 (E.D.N.Y. May 18, 2010); Advisory Committee's 1993 note to Rule 4 ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . .").