# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

DANIEL J. TAROLLI
ASSOCIATE

TEL: (212) 238-4882
EMAIL: dtarolli@lcbf.com

120 BROADWAY
13TH FLOOR
NEW YORK, NEW YORK 10271
TELEPHONE (212) 238-4800
FACSIMILE (212) 238-4848
www.lcbf.com

One Gateway Center
22nd Floor
Newark, NJ 07102
Tel: (973) 623-2700

One Penn Center
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
Tel: (215) 561-8540

300 Delaware Avenue
Suite 210
Wilmington, DE 19801
Tel: (302) 514-6901

November 2, 2023

*Via ECF*
Magistrate Judge Arlene Lindsay
United States District Court for the Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

   Re: *Karkowsky v. Nassau County, et al.*, No. 23-cv-5949

Dear Judge Lindsay,

  We represent defendants Woodmere Fire District, Woodmere Volunteer Fire Department, and Ronna Rubenstein in this matter ("Defendants") and write in opposition to Plaintiff's pre-motion letter requesting an extension of time to serve the Complaint.[1] Plaintiff filed the Complaint on August 4. 2023 and, per Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff is required to serve the Complaint by November 2, 2023. On October 10, 2023, without any notice to Defendants, Plaintiff filed the instant application, seeking an extension of time to serve the Complaint. Because Plaintiff did not serve Defendants with the Complaint or his pre-motion letter, Defendants inadvertently learned of this application on October 24, 2023, while monitoring the docket for activity. Defendants now respectfully request that the Court deny Plaintiff's application and award such other and further relief that the Court deems just and proper.

  **Background**. Prior to filing the Complaint, Plaintiff served Defendants with a Notice of Claim on or about August 3, 2022, alleging claims against Defendants for, *inter alia*, false arrest and malicious prosecution arising from his September 23, 2021 arrest and subsequent prosecution for Sexual Abuse in the Second Degree and Endangering the Welfare of a Child. Without Defendant's knowledge, Plaintiff then filed the Complaint in this matter on August 4, 2023, which Defendants discovered by monitoring PACER for filings from Plaintiff. The Complaint arises from the same September 23, 2021 arrest referenced in the Notice of Claim. According to the Complaint, Plaintiff's criminal charges stemming from his September 23, 2021 arrest were dismissed on May 6, 2022.

---

[1] Defendants are appearing in this action solely for the purpose of objecting to this application and objecting to personal jurisdiction over Defendants. Defendants reserve their right to move to dismiss the Complaint for lack of personal jurisdiction at a later time.

LANDMAN CORSI BALLAINE & FORD P.C.

Magistrate Judge Arlene Lindsay
November 2, 2023
Page 2

After Plaintiff filed the Notice of claim, the Nassau County District Attorney filed new and separate misdemeanor charges, alleging that the Notice of Claim contained a false statement. Those charges remain pending. ECF 10 at p. 1-2. Although Plaintiff concedes that the pending charges are "wholly unrelated to the earlier, now dismissed criminal case," Plaintiff now requests an open-ended extension of time to serve the Complaint for up to 30 days after the conclusion of the trial on the pending misdemeanor charges. The trial has yet to be scheduled. ECF 10 at p. 1.

**Legal Standard**. Under FRCP Rule 4(m), the Court must extend a plaintiff's time to serve the summons if the plaintiff is able to demonstrate good cause for his failure to timely serve the complaint. *Trustees of United Plant & Prod. Workers Loc. 175 Benefits Fund v. Mana Constr. Grp., Ltd.*, No. CV184269JSARL, 2021 WL 4150803, at *3 (E.D.N.Y. 2021). The plaintiff bears the burden of showing good cause for failing to timely serve the defendant. *Id*. Good cause or excusable neglect is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control. *Id*. In determining whether good cause exists, district courts must consider "(1) the reasonableness and diligence of Plaintiff's efforts to serve, and (2) the prejudice to the Moving Defendants from the delay." *Micciche v. Kemper Nat'l Servs*., 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008). Courts may also use their discretion to grant extensions of time to serve a complaint, even if good cause is absent. *Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57 (E.D.N.Y. 1999).

**Good Cause**. Plaintiff has not shown that good causes exist to warrant an extension of time to serve the Complaint. Plaintiff's sole justification for an extension is that there are "wholly unrelated" criminal charges currently pending against him, and that Plaintiff "should not be compelled to communicate with and litigate against the very County that is pursuing his criminal conviction." ECF 10 at p. 1-2. However, Defendants (and apparently Plaintiff) have not located any cases demonstrating that this warrants a finding of good cause. Indeed, Plaintiff solely relies on dicta from on a single case in the Southern District of Texas to argue that his pending criminal charges provide good cause. *Flores v. Eureka Multifamily Grp*., 2018 WL 2100309, at *3 (S.D. Tex. May 7, 2018). However, the court in *Flores* relies exclusively on Texas law, which does not apply a "good cause" standard or take prejudice into consideration, and in any event, did not conclude that the Plaintiff's pending criminal charges warranted an extension of time to serve the complaint. Instead, under Texas' procedural framework, the court merely denied the motion without prejudice so that it could be reargued on an expanded record before a finder of fact. *Id.*

Furthermore, unlike the Plaintiff in *Flores*, Plaintiff here concedes that the pending charges are unrelated to his claims. Plaintiff also complains that he does not want to pursue litigation against the County Defendants at this time, but he does not articulate why litigation should not proceed as against Defendants. As such, Plaintiff's justification, which is divorced from the standard of reasonable diligence that courts typically use to measure good cause, is insufficient to warrant an extension. *Purzak v. Long Island Hous. Servs., Inc*., No. 12-CV-1747, 2013 WL 5202711, at *4 (E.D.N.Y. Sept. 13, 2013) (noting that courts have found that factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process" satisfy the good cause requirement," that "[t]he diligence of the plaintiff's efforts to effect proper service is an important consideration," and that the "delay in service resulting from mere inadvertence, neglect, or mistake does not constitute good cause.").

Moreover, Defendants will clearly be prejudiced if the Court grants this application. Plaintiff is requesting an extension of 30 days after the conclusion of the criminal proceedings. However, Plaintiff

**LANDMAN CORSI BALLAINE & FORD P.C.**

Magistrate Judge Arlene Lindsay
November 2, 2023
Page 3

merely *expects*, and does not know for certain, that his criminal trial will commence in November or December 2023, and he has not offered any estimation as to how long the trial will last. ECF 10 at p. 2 ("we now *expect* [the trial] to take place in November or December.") (emphasis added). Such an open-ended request, without any finite deadline to serve the Complaint, would be improper. *Trustees of United Plant & Prod. Workers Loc. 175 Benefits Fund,* No. CV184269JSARL, 2021 WL 4150803, at *3 (denying motion to extend where plaintiffs moved "for an open-ended extension of their time to serve the summons."). The Court should therefore deny the application for failure to demonstrate good cause.

**Discretionary Extension**. In determining whether a discretionary extension is warranted, the Court should consider: "(1) whether any applicable statute of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether [the] defendant had attempted to conceal the defect in service; and (4) whether [the] defendant would be prejudiced by extending [the] plaintiff's time for service." *Jones v. Westchester Cnty*., No. 14-CV-9803 (KMK), 2018 WL 6726554, at *4 (S.D.N.Y. Dec. 21, 2018) (internal citations and quotations omitted).

The first factor weighs in favor of denying this application, because all of Plaintiff's state law claims were already untimely as of the date that he filed the Complaint, and Plaintiff cannot show that the claims brought under 42 U.S.C. § 1983, which carry three-year statutes of limitation, would be untimely if the Court does not grant an extension. As to the state law claims, Plaintiff's claims for state law claims for Defamation (Count V), Negligent Infliction of Emotion Distress (Count VI), and Negligent Hiring (Count VII) are all untimely as Plaintiff failed to file the Complaint within one year and 90 days of their accrual, as required by General Municipal Law § 50-e, 50-i(1)(C). *Wilson v. Erra*, 94 A.D.3d 756, 756 (N.Y. App. Div., 2d Dep't 2012) ("A cause of action alleging intentional infliction of emotional distress accrues on the date of injury."); *Figueroa v. City of New York*, 880 N.Y.S.2d 223, 223 (App. Div. 2009) (holding that negligent hiring claims accrue on the same date as the alleged false arrest); CPLR § 215(3) (stating that claims for defamation and slander accrue when the allegedly defamatory statements are originally uttered). Each of these claims accrued on September 21, 2021, and, with the Covid-19 toll, Plaintiff was required to file the Complaint by no later than May 9, 2023. Moreover, all state law claims, including the claim for malicious prosecution, are also untimely because Plaintiff has never appeared for an examination pursuant to General Municipal Law § 50-h within one year and 90 days. *Fodelmesi v. Schepperly*, No. 87-CV-6762 (KMW), 1993 WL 127211, at *7 (S.D.N.Y. 1993) (dismissing state law claims against municipal defendants because plaintiffs commenced the action before complying with an examination demand). Conversely, his claims brought under 42 U.S.C. § 1983, although fatal for other reasons, are still timely.

As to the second factor, Defendants acknowledge that they have actual notice of the Complaint factor, but satisfying this factor, on its own, should not warrant an extension under the discretionary factors. *Jones*, No. 14-CV-9803 (KMK), 2018 WL 6726554, at *4 (denying extension based on discretionary factors, even though the plaintiff could demonstrate that the defendant had actual notice of the claims). As to the third factor, Plaintiff is not claiming Defendants have concealed a defect in service. Finally, as to the fourth factor, for the reasons stated above, Plaintiff's open-ended request for an extension would clearly prejudice Defendants. Thus, for the foregoing reasons, the Court should deny the application for an extension to time to serve the Complaint and order such other and further relief that the Court deems just and proper, including dismissal of this action for failure to serve the Complaint within 90 days, as required by Rule 4(m). I*d.* (dismissing complaint for failure to comply with Rule 4(m). Thank you for your consideration.

Landman Corsi Ballaine & Ford p.c.

Magistrate Judge Arlene Lindsay
November 2, 2023
Page 4

                                          Respectfully submitted,

                                          /s/ Daniel J. Tarolli

                                          Daniel J. Tarolli

cc:      *Via ECF and Email*

          Benjamin White, Esq.

          Nassau County Assistant District Attorney Jesse Aviram, Esq.