# BLOCH & WHITE LLP

152 WEST 57TH STREET, EIGHTH FLOOR
NEW YORK, NEW YORK 10019
(212) 702-8670
WWW.BLOCHWHITE.COM

DIRECT DIAL: (212) 901-3825
DIRECT E-MAIL: BWHITE@BLOCHWHITE.COM

May 2, 2024

*Via ECF*
The Honorable Nina R. Morrison
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Karkowsky v. Nassau County*, No. 23-cv-5949, Joint Status Report

Dear Judge Morrison:

  We write on behalf of all parties to provide the Court with a joint status report, consistent with the Court's orders dated December 2, 2023 and April 24, 2024.

  On December 2, 2023, the Court stayed this case in its entirety until "seven days after the conclusion of Plaintiff's criminal trial," referring to a Nassau County prosecution against Mr. Karkowsky. The Court further ordered that upon expiration of the stay the parties meet-and-confer and file a joint status report that addresses:

> (1) whether Plaintiff will seek to amend the complaint at that time or proceed with the operative complaint; (2) how the Woodmere Fire Defendants intend to proceed with the pending motion for a pre-motion conference regarding their anticipated motion to dismiss; (3) a proposed date for Plaintiff to respond to the Woodmere Fire Defendants' pending motion for a pre-motion conference (if applicable); and (4) any other relevant scheduling requests related to dispositive motion practice that the parties would like the Court to address.

The Court also ordered the County Defendants to respond to the complaint 14 days after the trial concluded.[1] The parties provide the requested status report below.

*  *  *

  Mr. Karkowsky's criminal trial concluded by way of a guilty verdict on April 18, 2024, his sentencing is set for June 20th, and the parties have now met and conferred on the issues outlined in the Court's December 2nd order. The parties' discussions have been based in part on the understanding that Mr. Karkowsky intends to file post-trial motions and will challenge his conviction (and potentially sentence) on appeal if necessary. Consistent with the foregoing, the parties report the following in response to the Court's itemized topics from the December 2nd order:

---

[1] On April 24, 2024, the Court granted a brief extension of the deadlines set in the December 2nd order.

***First***, Plaintiff does not seek to amend the complaint at this time.

***Second***, all parties agree that this case should continue to be stayed, at least in part (as discussed below), through final resolution of Mr. Karkowsky's criminal proceedings, including any post-trial motions and appeals. *See, e.g.*, *Catskill Mountains Chapter of Trout Unlimited, Inc. v. E.P.A.*, 630 F. Supp. 2d 295, 304-05 (S.D.N.Y. 2009) (staying action through appeal of related case); *Goldstein v. Time Warner New York City Cable Grp.*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998) (continuing a stay of proceedings pending appeal in related action in state court).

Conversely, the Woodmere Fire Defendants wish to proceed with their anticipated motion to dismiss and, if the Court denies the motion, they consent to a further stay of this proceeding pending the resolution of Plaintiff's criminal appeal. *See* ECF 23.

Plaintiff opposes that request for all of the same reasons it outlined in requesting the current stay ordered by the Court, *see* ECF 17. Most importantly, Plaintiff maintains that the Woodmere Fire Defendants have not—and cannot conceivably—identify any legitimate way in which a stay would prejudice them. *See, e.g.*, *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 430 (S.D.N.Y. 2005) ("it does not suffice for any party—plaintiff, defendant, or otherwise—to assert . . . an inherent right [to proceed in litigation] and rest its case on that bald, abstract proposition, without articulating in concrete terms the practical, real life effects of the potential deprivation of that right under the circumstances of the particular case at bar"). Indeed, the Woodmere Fire Defendants concede that a stay would not prejudice them were the complaint to survive the motion to dismiss. By contrast, the substantial risk of prejudice to Plaintiff and his Fifth Amendment right in the absence of a stay remains unchanged. Plaintiff further notes that the Woodmere Fire Defendants opposed the current stay in a nearly identical manner, *see* ECF 24.

For the avoidance of doubt, the Nassau County Defendants agree with Plaintiff that briefing a motion to dismiss at this stage and at any time before the final disposition of the appeal would be an inefficient use of both the Court's and the parties' resources, and so the case should be stayed in its entirety pending final resolution of Mr. Karkowsky's criminal proceedings—a stay that would include the Nassau County Defendants' time to respond to the complaint, currently set for May 9th.

The Woodmere Fire Defendants contend that the factors that the Court should consider on a stay application weigh in favor of briefing the anticipated motion to dismiss. Woodmere Fire Defendants believe that briefing the motion to dismiss now is consistent with the directive under Rule 1 to afford a just and speedy resolution of this action. Indeed, one of the factors relevant to a granting or denying a stay is the parties' respective interests in a quick resolution of all claims, and partly for this reason, courts often deny applications for a stay that are based on pending criminal appeals. *U.S. Commodity Futures Trading Comm'n v. Lamarco*, No. 217CV04087ADSAKT, 2018 WL 2103208, at *4 (E.D.N.Y. May 7, 2018) (collecting cases). Although Woodmere Fire Defendants consent to a limited stay if the motion is unsuccessful, they contend that they have a strong motion to dismiss and that a complete stay would undermine their rights to an expeditious resolution of this action. Further, Woodmere Fire Defendants contend that briefing the motion to dismiss would not be an inefficient use of the parties' or the Court's resources, because Defendants

intend to move to dismiss regardless of whether the stay is granted, and if anything, briefing the motion to dismiss now allows the case to move forward as far as possible while the appeal remains pending.

***Third***, the parties believe that the time for Plaintiff to respond to the Woodmere Fire Defendants' pre-motion letter depends on the Court's decision as to the scope of the parties' requested stay, as outlined above. Specifically, should the Court continue the stay in full (as both Plaintiff and the Nassau County Defendants request), that stay should include staying Plaintiff's time to respond to the Woodmere Fire Defendants' pre-motion letter. If the Court permits the Woodmere Fire Defendants to proceed with their anticipated motion to dismiss despite the stay, the parties agree that Plaintiff should have 14 days after any such order to respond to the pre-motion letter.

***Fourth***, there are no additional scheduling requests that the parties would like the Court to address at this time.

Respectfully submitted,

Benjamin D. White